J-S39030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC L. TAGGART | : | |
| | : | |
| Appellant | : | No. 572 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 19, 2024
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000258-2023

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                 **FILED: January 24, 2025**

Eric Taggart appeals from the judgment of sentence imposed after he pled guilty to several counts each of aggravated indecent assault and possession of child pornography involving his minor daughter.[1] He claims that the trial court erred and abused its discretion when it sentenced him immediately after his sexually violent predator ("SVP") hearing, imposing an excessive sentence, and that his counsel was ineffective. Additionally, Taggart's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Upon review, we grant counsel's petition and affirm the judgment of sentence.

In 2022, Taggart sexually assaulted his biological daughter in their home on multiple occasions over the course of several months. During that

_____

[1] 18 Pa.C.S.A. § 3125(a)(1) and 6312(d).

time, Taggart also asked her multiple times to send him nude pictures of herself, which she did. During the investigation, the police found messages soliciting the nude pictures in Taggart's Facebook messages and pictures on Taggart's cell phone and in Facebook messages. At the time of these incidents, his daughter was 14 or 15 years old (under the age of 16). When interviewed, Taggart's daughter indicated that he had sexually assaulted her starting when she was 12 years old.

Taggart was arrested and charged with 113 counts of various offenses. After the charges were held for court, the Commonwealth filed a notice to seek the mandatory minimum sentence for 30 counts of aggravated indecent assault.

On November 29, 2023, Taggart pled guilty to four counts of aggravated indecent assault and five counts of possession of child pornography. Notably, the plea agreement which Taggart executed stipulated that the four aggravated indecent assault counts were each subject to a mandatory minimum sentence of five years' imprisonment pursuant to 42 Pa.C.S.A. § 9718(a)(1).

On April 19, 2024, the trial court held a hearing to determine Taggart's SVP status and found that Taggart was an SVP. Immediately afterwards, the trial court held Taggart's sentencing hearing and sentenced Taggart to 5 to 10 years' incarceration for each of the four counts of aggravated indecent assault and 14 months to 7 years' incarceration for each of the five counts of possession of child pornography. The court ordered the aggravated assault

charges to run consecutive to each other and the child pornography possession charges to run consecutive to each other and concurrent to the assault charges. Taggart's aggregate sentence was 20 to 40 years' incarceration, followed by 3 years' probation. Taggart did not file a post-sentence motion.

On May 10, 2024, Taggart filed this timely *pro se* appeal.[2] New counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Taggart did not file a counseled or *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new

---

[2] Taggart also filed a *pro se* motion claiming plea counsel was ineffective, but the court did not rule on this motion. Nonetheless, Taggart acquired new counsel. Also, as we discuss *infra*, any claims of ineffectiveness are premature at this juncture.

counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, i.e., the contents of an *Anders* brief, and required that the brief:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Taggart of his right to proceed

*pro se* or retain new counsel and file additional claims.[3]  Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will review the issues raised by counsel to determine whether Taggart's appeal is wholly frivolous.

In the **Anders** brief, counsel indicates that Taggart wishes to raise the following three issues:

> A. Did the trial court abuse its discretion in sentencing [Taggart]?
>
> B. Did the trial court err by scheduling [Taggart's] sentencing hearing and sexually violent predator hearing on the same date?
>
> C. Was trial counsel ineffective in his legal representation of [Taggart]?

**Anders** Brief at 5.

In his first issue, Taggart challenges the discretionary aspects of his sentence.  "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."  **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).  This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

---

[3] Initially, counsel's petition to withdraw did not attach a letter advising Taggart of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005).  On December 11, 2024, this Court entered a *per curiam* order directing counsel to file a copy of the letter with this Court within twenty days.  On December 13, 2024, counsel filed a copy of the notice of rights letter he previously sent to Taggart on August 7, 2024.

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Taggart filed his appeal timely. However, upon review of the record, we observe that Taggart did not preserve his sentencing claim for our consideration. A defendant wishing to challenge the discretionary aspects of a sentence must raise this type of claim at sentencing or in a post-sentence motion. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Here, Taggart did not object to his sentence at the hearing or raise his sentencing claim in a post-sentence motion. Consequently, Taggart waived this issue, and therefore, it is considered frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous"). Even if Taggart preserved his sentencing claim, and it constituted a substantial question, we would conclude that his sentencing claim is frivolous.

Taggart argues that the trial court abused its discretion when it sentenced him outside the standard range of the Sentencing Guidelines on the aggravated indecent assault counts. He further maintains that the court abused its discretion when it imposed those sentences consecutively rather

than concurrently. Additionally, Taggart argues that the trial court failed to consider relevant mitigating factors when it sentenced him, particularly his age, health, and lack of a prior criminal record. **Anders** Brief 21-23.

Generally, "sentencing is a matter vested in the sound discretion of the sentencing judge . . . . " **Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa. Super. 2005) (citation omitted). Here, however, the Commonwealth issued a notice of intent to seek the mandatory minimum sentence on each count of aggravated indecent assault, due to the victim's age, pursuant to 42 Pa.C.S.A. 9718(a)(1). Although the standard range sentence in this case would have been much less, 22 to 36 months' incarceration, plus or minus 12 months, once the Commonwealth invoked the mandatory minimum sentence, the trial court was obligated to impose that sentence and could not sentence Taggart pursuant to the guidelines. As the trial court noted, it specifically explained to Taggart at his plea hearing "that because the Commonwealth had filed a Notice for Mandatory Minimum Sentences for the aggravated indecent assault charges, the [c]ourt had no [choice but] to sentence [Taggart] to a minimum of five years' incarceration on each of those counts." Trial Court Opinion, 5/29/24, at 4. Taggart indicated on the record that he understood. N.T., 11/29/23, at 8-9, 13. Taggart also executed a written plea agreement which stipulated that the four counts of aggravated indecent assault each carried a mandatory minimum sentence of 5 years' incarceration. **Id.** at 13. Again, at the time of Taggart's sentencing, the trial court stated that it was required to sentence him to the mandatory minimum. Thus, Taggart has no

grounds to challenge the length of his minimum sentences for aggravated indecent assault.

Notwithstanding this, whether the trial court imposed the sentences in this case consecutively or concurrently remained within the trial court's discretion and could be challenged by Taggart. Imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. ***Commonwealth v. Lloyd***, 878 A.2d 867, 873 (Pa. Super. 2005). Upon review of the record, we would conclude that the trial court did not abuse its discretion when it imposed Taggart's sentences consecutively and, furthermore, that it considered relevant mitigating factors.

Here, the trial court had a presentence investigation report ("PSI"), which it reviewed and considered. N.T., 4/19/24, at 63. It is well settled that where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009). Additionally, counsel highlighted Taggart's mitigating factors for the court, noting Taggart's: lack of a criminal record; acceptance of the plea offer; lack of cruelty or force when he committed these crimes; and amenability to treatment and good behavior while in prison. N.T., 4/19/24, at 61. Taggart himself acknowledged his wrongdoing and the significant impact it had on his kids and family and apologized. ***Id.*** at 62.

Before sentencing Taggart, the trial court noted on the record everything it considered in fashioning Taggart's sentence. The court specifically indicated that it considered multiple mitigating factors including Taggart's age, education, work history, drug use, and health issues. *Id.* at 65. However, it also considered the severe impact that Taggart's actions had on the victim, his own daughter, and her incredible suffering, as relayed in her victim impact statement and her mother's testimony. The trial court explained: "Given the relationship between [Taggart] and the victim and the nature of the [crimes Taggart pled] guilty to, the [c]ourt found it appropriate to run the aggravated indecent assault convictions consecutive to one another and to run the child pornography possession convictions consecutive to one another but concurrent to the aggravated indecent assault convictions." Trial Court Opinion, 5/29/24, at 13.

Based upon our review of the record, the trial court clearly considered Taggart's mitigating factors, but the court did not weigh them in the manner Taggart believed it should have. On appeal, [w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009). Thus, even if Taggart preserved this issue, we would conclude that the trial court did not abuse its discretion when it imposed Taggart's sentences consecutively.

In his second issue, Taggart claims that the trial court erred by holding his sentencing hearing immediately after his SVP hearing. Specifically,

Taggart argues that he was prejudiced when the court heard detrimental information right before it sentenced him. **Anders** Brief at 24.

Upon review of the record, we observe that Taggart did not raise the issue of the timing of his sentencing with the trial court. He did not object at his sentencing hearing, and as discussed above, he did not raise this issue in a post-sentence motion since he did not file one. New issues may not be raised for the first time on appeal. **See** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Therefore, any issue regarding the timing of his sentencing in relation to the SVP hearing is waived.

Even if it were not waived, we would agree with counsel that this issue is frivolous. First, as the trial court noted, nothing prohibits the sentencing hearing from being held on the same day as the SVP hearing; Taggart cited no authority to support his contention. Trial Court Opinion, 5/29/24, at 14. As to timing, the only requirements are that sentencing be deferred for 90 days from the plea so that the Sexual Offender Assessment Board ("SOAB") has time to prepare a sexual offender assessment report and submit it to the district attorney, and that the SVP hearing be held prior to sentencing. **See** 42 Pa.C.S.A. § 9799.24(d) and (e).

Furthermore, the SVP process is an integral part of sentencing. The SOAB's assessment report is to "be provided to the agency preparing the presentence investigation" report. 42 Pa.C.S.A. § 9799.24 (e)(4).

> [T]he pre-sentence investigator is given the report for consideration by the investigator in writing his or her own report and recommendation for sentencing, and we have held the Board report may be utilized by the sentencing court as an aid in sentencing. ***Commonwealth v. P.L.S.***, 894 A.2d 120, 132 (Pa. Super. 2006), *appeal denied*, 588 Pa. 780, 906 A.2d 542 (2006). The sentencing court can go so far as to consider its own SVP determination as a legal factor in imposing sentence in the aggravated range of the Sentencing Guidelines. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1277 (Pa. Super. 2006).

***Commonwealth. v. Harris***, 972 A.2d 1196, 1201 (Pa. Super. 2009). The statute anticipates the sentencing judge would be privy to the information contained in the SOAB's report making the proximity of the sentencing in relation to the SVP hearing irrelevant. Thus, Taggart could not have been prejudiced by the court sentencing him immediately after his SVP hearing rather than at a later time.

In his third issue, Taggart clams that his counsel was ineffective. Counsel indicates that there is no apparent reason for this claim. ***Anders*** Brief at 26. In his *pro se* motion, which Taggart previously filed, but not decided, Taggart essentially claimed that counsel did not adequately represent him at the preliminary hearing and during plea neotiations.

Generally, a criminal defendant may not assert claims of ineffective assistance of counsel on direct appeal. ***Commonwealth v. Holmes***, 79 A.3d 563, 563 (Pa. 2013). Instead, we defer such review to petitions under the Post Conviction Relief Act[4] ("PCRA"). ***Id.*** However, the Pennsylvania Supreme Court has recognized three exceptions to this rule, two of which were outlined

---

[4] 42 Pa.C.S.A. §§ 9541-46.

- 11 -

in **Holmes**. There, the Court held that ineffectiveness claims may be considered where: 1) a discrete claim (or claims) "is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice;" or 2) there is good cause shown and the defendant expressly and knowingly waived his or her right to seek PCRA review. **See id.** at 563-64. The third exception applies where a defendant is "statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018).

Upon review of the record, we conclude that there is nothing to indicate that Taggart has satisfied any of these exceptions, and therefore his claim is premature. Additionally, there is no evidentiary record from which a determination could be made. Thus, any claim of ineffectiveness must be deferred to collateral review.

For the foregoing reasons, we conclude that Taggart's claims on appeal are frivolous. Further, in accordance with **Dempster**, we have independently reviewed the certified record to determine if there are any non-frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/24/2025